MERINO RODRÍGUEZ HNOS., S. EN C., Plaintiff and Appellee, v. JUAN FONT SUÁREZ, Defendant and Appellant.

No. 8460.   Argued April 23, 1942.—Decided April 24, 1942.

Diego O. Marrero for appellant.   Orlando J. Antonsanti and Fernando Ruíz Suria for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

By a judgment of June 15, 1939, rendered in the above-entitled cause, the defendant was adjudged to pay to the plaintiff the sum of $382.15, with interest thereon at the legal rate from the filing of the complaint and costs, but without including attorney's fees. Said judgment was notified to the defendant on the 30th of the same month and

to the plaintiff on the 14th of the following July. On the latter date, the plaintiff filed its memorandum of costs, amounting to $21.75, to which the defendant failed to enter any opposition.

On July 12, 1939, the defendant took an appeal from the main judgment, and on June 11, 1941, this Supreme Court reversed the judgment appealed from; but on the 23rd of that same month, it reconsidered its decision and rendered another instead "adjudging the defendant to pay to the plaintiff the sum of $50 as balance of the debt claimed in the complaint, and as a result, any note signed by the defendant in acknowledgment of the same is hereby canceled and costs are imposed on the defendant, but not attorney's fees." *Merino Rodríguez Hnos.* v. *Font,* 58 P.R.R. 848.

After the mandate had been transmitted to the lower court, the plaintiff requested that the memorandum of costs be set for hearing, which was held on September 8, 1941, with the appearance of counsel for the defendant, who opposed the approval thereof and verbally attacked the jurisdiction of the court on the ground that the appeal taken from the judgment proper had already been decided.

After the contention of the defendant had been overruled and the memorandum of costs for the sum claimed had been approved, the defendant took the present appeal relying on §339 of the Code of Civil Procedure, as amended by Act of March 11, 1936 (Laws of 1936, p. 352), which textually reads as follows:

"Section 339.—The memorandum of costs shall be filed within ten days after notification of the judgment, and any opposition thereto within the following five days. Within ten days after the decision of the court on the memorandum of costs, either of the parties may appeal to the Supreme Court, and the appeal shall be considered jointly with any appeal that shall have been brought against the main judgment; *Provided,* That in case no appeal is taken from the main judgment, an appeal can always be taken from the memorandum of costs."

320

The appellant maintains that it was the duty of the appellee not only to file in time the memorandum of costs, but also to set it for hearing within a reasonable time so that in case an appeal should be taken from the decision thereon said appeal might be prosecuted jointly with any appeal taken from the main judgment; and that, as this was not done, the right to claim costs must be deemed to have been waived and the court lacked jurisdiction to approve the memorandum.

██ From the above-transcribed §339, the duty of the plaintiff-appellee to file its memorandum of costs within ten days after being served with notice of the judgment is manifest, and from the record it appears that said duty was timely complied with. It is also clear, we think, that the duty to prosecute an appeal from the decision on the memorandum of costs jointly with any appeal taken from the main judgment is mandatory, and that a separate appeal can only be brought where no appeal has been taken from such judgment. That this is so is shown by the language and context of the above-quoted legal provision. It prescribes, in the first place, that an appeal from the decision on the memorandum of costs *"shall be considered jointly with any appeal that shall have been brought against the main judgment,"* and it then goes on to establish the only exception, thus: *"Provided, that in case no appeal is taken from the main judgment, an appeal can always be taken from the memorandum of costs."* Since an appeal has been taken from the decision on the main judgment, it is evident that the appeal taken from the decision on the memorandum of costs can not be prosecuted independently from the former appeal without violating the provisions of §339 under discussion.

Now, under the circumstances of this case, did the lower court act with jurisdiction in approving the memorandum of costs? ██ Although said §339 fixes the terms within

which there must be filed the memorandum of costs, any opposition thereto, and the notice of the appeal from the decision entered, it is silent as to the time or term within which a hearing must be held and a decision thereon rendered. This being so, it can not be really contended that the court acted without jurisdiction in approving the memorandum after the appeal taken from the main judgment had been prosecuted before this court. The said section expressly grants the right of appeal to "either of the parties," and it was as much incumbent on the plaintiff as on the defendant, if the former wished to preserve its right of appeal in case it needed to make use thereof, to request that the memorandum be set for hearing and to urge a timely decision thereon so that any appeal which it might take might be prosecuted jointly with the appeal taken from the main judgment. Neither of the parties took those steps in this case and, therefore, both of them were deprived of their right of appeal when they made it possible for the hearing on the memorandum of costs to be held after this court had rendered its judgment on appeal. But that circumstance did not deprive the trial court of jurisdiction to render the order appealed from.

The defendant-appellant insistently urges that the memorandum of costs filed in this case was *functus officio* and that, therefore, said memorandum had no legal force and no decision whatever could be rendered with respect to the same. The phrase *"functus officio"* is used to indicate something which once had life but which subsequently lost its effectiveness, either because of the expiration of the time within which it should have become effective and failed to do so, or because of having accomplished its purpose. For example, a special power of attorney is granted in favor of a certain person to sell a property belonging to his principal. Upon the making of such sale and the termination of the transaction covered by said power of attorney, the lat-

ter becomes *functus officio,* as it would be without force to authorize any other transaction, the purpose for which it was granted having been accomplished. The memorandum of costs was not *functus officio* at the time it was submitted for approval to the trial judge, for it had not lost its legal effectiveness since, as we have already stated, the law does not require that the memorandum should be approved within a definite time.

Nor is the appellant right in his argument that the appellee should have filed a new memorandum of costs in harmony with the new judgment rendered by this court in 1941. Our judgment did nothing else than modify the decision appealed from. In other words, it was the decision that should have been originally rendered by the court *a quo,* and in so far as the filing of the memorandum of costs is concerned, its legal effect related back to the date of the judgment appealed from. Hence, no other memorandum could be presented, for the one already filed was valid.

Since we have reached the conclusion that the order rendered in this case by the lower court approving the memorandum of costs is not appealable, as the appellant himself maintains, the appeal must be dismissed.